IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEITH BAILEY,

    Plaintiff,

v.                                                                                                      No. 22-cv-0752 WJ-SCY

SOCORRO COUNTY BOARD OF COMMISSIONERS, *et al*,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

    This matter is before the Court following Plaintiff Keith Bailey's failure to file an amended complaint as directed.  Plaintiff was incarcerated when the case was filed and is proceeding *pro se*.  The original Complaint (Doc. 1-1) alleges prison officials in Valencia County, New Mexico provided unsafe conditions of confinement.  After the Complaint was removed, Plaintiff filed a Motion to Remand (Doc. 6).  He cites "jurisdiction reasons" and states the "U.S. District Court may not have jurisdiction" over this case.  *Id.*  Defendants opposed the motion, arguing a federal question appears on the face of the complaint.  *See* Docs. 7, 8; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (Federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

    The Court reviewed the Complaint and determined jurisdiction is unclear because Plaintiff's skeletal form-pleading differs from the handwritten attachment thereto.  The form Complaint raises a claim titled: "8th Amendment Violation Cruel and Unusual Punishment."  Doc. 1-1 at 1.  This appears to raise a federal claim, since only the federal constitution prohibits cruel

and unusual punishment pursuant to the Eighth Amendment. The New Mexico Constitution prohibits cruel and unusual punishment pursuant to Section 13 of Article II (Bill of Rights). However, the handwritten attachment to the form Complaint, which is titled "Amended Tort Complaint," expressly limits the constitutional violations to the "State of New Mexico Constitution - Bill of Rights, and other related common law torts." *Id.* at 4.

By an Order entered September 22, 2023, the Court directed Plaintiff to file a single, amended complaint within thirty days that specifies whether each constitutional claim arises under state or federal law. The Order also required Plaintiff to notify the Clerk of his current address, as required by N.M. Local Rule 83.6. *See* Doc. 11 (returned mail envelope indicating Plaintiff is no longer incarcerated). Plaintiff was warned if he fails to timely comply with both directives, the Court may dismiss this case without further notice.

The deadline for Plaintiff to amend and update his address was October 22, 2023. Plaintiff did not comply with either directive, show cause for such failure, or otherwise respond. The Order was also returned as undeliverable with the notation "Return to Sender, Departed." *See* Doc. 15. Accordingly, the Court will dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

**IT IS ORDERED** that Plaintiff's Prisoner Civil Tort Complaint (**Doc. 1-1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE